UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY COOK, | ) | CASE NO. CV 09-03642 FMC (RZ) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| vs. | ) ) | |
| ROBERT A. HOREL, Warden, | ) ) | |
| Respondent. | ) ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). For prisoners like Petitioner, whose conviction became final before AEDPA took effect, the limitation period instead typically begins with AEDPA's effective date of April 24, 1996. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1058 (9th Cir. 2007).

///

///

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on May 21, 2009. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) In 1992, a San Luis Obispo County Superior Court jury convicted Petitioner of attempted murder, robbery and personal use of a firearm. He was sentenced to state prison for 23 years to life. Pet. ¶ 2.

(b) Petitioner appealed, but the California Court of Appeal affirmed in 1993, and the California Supreme Court denied further direct review in 1994. *See* Pet. ¶¶ 3, 4. He does not appear to have petitioned the United States Supreme Court for a writ of *certiorari*. His conviction therefore became final 90 days after the state supreme court's denial, when the United States Supreme Court's deadline for seeking such relief expired. *See* SUP. CT. R. 13.1.

(c) Fourteen years passed. In January 2008, Petitioner began a series of state habeas petitions. The California Supreme Court denied his final petition on May 17, 2009. *See* Pet. ¶ 6(a), (b), (c).

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It appears that Petitioner's limitations period expired over 12 years ago, in April 1997, one year after AEDPA's effective date. Petitioner's commencement of state habeas challenges many years thereafter did not render this action timely. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

No basis for equitable tolling appears from the face of the petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: May 27, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE